

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALVADOR SANCHEZ-AGUILAR,
AKA Salvador Sanchez Aguilar,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.  18-71433

Agency No. A079-164-493

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2022[**]
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Salvador Sanchez-Aguilar petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

denial of his application for asylum, withholding of removal, and relief under the

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition. Because the parties are familiar with the facts, we need not recount them here.

I

Sanchez-Aguilar challenges the IJ's adverse credibility determination. However, the BIA did not adopt this finding. Instead, the BIA assumed Sanchez-Aguilar was credible and denied his withholding claim on the merits. Because we "may affirm the [agency] only on grounds set forth in the opinion under review," *see Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005), we decline to consider Sanchez-Aguilar's challenge.

II

We lack jurisdiction to consider Sanchez-Aguilar's asylum claim, because the BIA concluded he waived any argument that an asylum claim was timely on administrative appeal. We also lack jurisdiction to consider Sanchez-Aguilar's claim of future persecution based on his opposition to the drug trade. The BIA also deemed this issue waived for failure to raise it in his administrative appeal. Because Sanchez-Aguilar failed to exhaust his administrative remedy with regard

---

[1] Sanchez-Aguilar's CAT claim is not at issue as he does not challenge the BIA's denial on waiver grounds.

2

to these issues, we lack jurisdiction to consider them now. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

## III

Substantial evidence supports the BIA's conclusion that Sanchez-Aguilar failed to show a clear probability of future persecution as necessary for withholding of removal. The BIA reasonably concluded that the threats to Sanchez-Aguilar's brother did not demonstrate a clear probability of future persecution because "there is little indication that these criminals have a desire to act upon the threat against the family." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (agreeing with the BIA's reasoning that "unfulfilled threats generally constitute harassment rather than persecution"). Additionally, the BIA reasonably concluded that Sanchez-Aguilar's claim of future persecution was undermined by the fact that his siblings and parents have remained in Mexico unharmed. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's . . . fear.").

Finally, the BIA did not err in concluding that Sanchez-Aguilar's particular social group of Mexican citizens returning from the U.S. was overbroad and did not show an "individualized risk of harm." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (holding that "returning Mexicans from the United States" is not a particular social group because it is too broad).

**PETITION DISMISSED in part; DENIED in part.**